# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 CR 894 | **DATE** | 3/17/2004 |
| **CASE TITLE** | USA vs. Sriram | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 3/31/04 at 9:00 a.m. For the reasons stated in the attached memorandum opinion and order, defendant's motion to reconsider the Court's ruling is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAR 18 2004 date docketed | 174 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| MF | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 00 CR 0894 |
| v. ) | |
| ) | Judge John W. Darrah |
| KRISHNASWAMI SRIRAM, ) | |
| ) | |
| Defendant. ) | |

DOCKE[T]

MAR 1 8 2004

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion to reconsider and motion to strike filed by Defendant, Dr. Krishnaswami Sriram. The motion to reconsider relates to the Court's sentencing rulings dated November 5, 2003. The motion to strike relates to exhibits the Government included in its response to Dr. Sriram's motion to reconsider.

The factual background of this case is fully detailed in the Court's Memorandum Opinion and Order dated November 5, 2003. Therefore, the Court will not review the facts here.

Dr. Sriram seeks to strike exhibits that the Government provided with its response to Dr. Sriram's motion to reconsider because the exhibits were not before the Court at the sentencing hearing. The Government concedes that the exhibits were not before the Court at the sentencing hearing but argues that the Court should not strike the new exhibits in the interests of justice. Because the new exhibits were not presented before the Court ruled on the multiple sentencing issues, it would be improper for the Court to consider such exhibits when reviewing Dr. Sriram's motion to reconsider. Accordingly, Dr. Sriram's motion to strike is granted, and the Great-West Life & Annuity Insurance Company memorandum and the Government's new loss calculation exhibits are stricken.

174

Dr. Sriram seeks reconsideration of the Court's finding that the Government proved by a preponderance of the evidence an amount of loss of $48,634.17 based on Dr. Sriram's billing for services while he was on vacation and not within the United States.

Motions for reconsideration serve a limited function of correcting clear errors of law or fact or to present newly discovered evidence which could not have been adduced during the pendency of the underlying motion. *See United States v. Dombrowski*, 1994 WL 577259 (N.D. Ill. Oct. 18, 1994) (*Dombrowski*). Although the Rules of Criminal Procedure make no provisions for a motion to reconsider, the propriety of such motions in a criminal case has been established. *See Dombrowski*, 1994 WL 577259 at *3.

The Court found that the amount of loss due to Dr. Sriram's criminal activity included $48,634.17 for services claimed to have been performed while Dr. Sriram was, in fact, on vacation and not within the United States. The finding was based on Dr. Sriram's admission that he had submitted false and fraudulent claims that he had examined and treated patients on certain dates, when, in fact, he was not in the United States on the specified dates, and the travel information from Dr. Sriram's passport entries and specified billing records. Dr. Sriram presents no evidence that there was a clear error of law or facts and presents no newly discovered evidence. Accordingly, Dr. Sriram's motion to reconsider the Court's ruling as to the amount of loss is denied.

Dr. Sriram also seeks reconsideration of the Court's two-level enhancement because Dr. Sriram violated a judicial order. Dr. Sriram argues that the Government failed to prove that Great-West Life & Annuity was a "health care benefit program."

In its previous Memorandum Opinion and Order, the Court held that Dr. Sriram was subject to a two-level enhancement pursuant to U.S.S.G. § 2F1.1(b)(4)(C) for a violation of a judicial order.

Dr. Sriram admitted that he submitted false claims after an August 16, 2000 temporary restraining order was issued that prohibited him from defrauding any "health care benefit provider" and/or from obtaining, by means of false or fraudulent representation, any money under the custody or control of any "health care benefit program." The temporary restraining order did not define "health care benefit provider." Furthermore, the Court held that Dr. Sriram billed Great-West for alleged services and was reimbursed by Great-West for such alleged services. Such evidence is sufficient to show by a preponderance of the evidence that Great-West was a health care benefit program as included in the judicial order. *See* U.S.S.G. 6A1.3(a); *USA v. Polson*, 285 F.3d 563, 566 (7th Cir. 2002) (at sentencing, "the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy").

Dr. Sriram's motion to reconsider the Court's ruling as to this enhancement is denied.

For the foregoing reasons, Defendant's Motion to Reconsider is denied.

Dated: March 17, 2004

JOHN W. DARRAH
United States District Judge