# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 00 CR 0894 |
| v. ) | |
| ) | Judge John W. Darrah |
| KRISHNASWAMI SRIRAM, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On January 10, 2002, a grand jury returned a 64-count second superseding indictment against Dr. Krishnaswami Sriram. Dr. Sriram was charged with violations of 18 U.S.C. §§ 2, 287, 1341 and 1347, and 26 U.S.C. § 7206(1). The indictment also contained a forfeiture allegation.

Dr. Sriram pled guilty to Counts 5, 20, and 63 of the second superseding indictment. Count 5 charged Dr. Sriram with mail fraud in violation of 18 U.S.C. §§ 2 and 1341. Count 20 charged Dr. Sriram with health care fraud for defrauding health care benefit programs, including Medicare, Medicaid, and private insurance, in violation of 18 U.S.C. §§ 2 and 1341. Count 63 charged Dr. Sriram with tax fraud in violation of 26 U.S.C. § 7206(1). Dr. Sriram also pled guilty as to the basis for, but not the amount of, the forfeiture allegation.

Dr. Sriram specifically admitted that he " . . . devised and intended to devise, and participated in a scheme and artifice to defraud and to obtain money and property from Medicare, Medicaid and other private medical insurance plans by means of materially false and fraudulent pretenses, representations and promises, and by means of material omissions, and to fraudulently deprive certain patients of the intangible right of honest services . . . ." Dr. Sriram's illegal conduct included billing insurers for certain tests, services and procedures which were not performed,

creating false records and making false entries in medical records and business records, not billing insurance co-payments and deductibles for certain patients, submitting false and fraudulent claims to insurers, submitting false and fraudulent claims for services that were not actually provided, falsifying certain entries made in records concerning the performance and results of cardiac caths and other angiographic studies, contacting Medicare beneficiaries who had complained to Medicare, and filing false income tax returns.

Following the Court's acceptance of the guilty pleas and the finding of guilty and entering of judgment thereon, the case was continued for sentencing. A sentencing hearing was held where after the Court ruled in favor of the Government on six of the eleven sentencing enhancements. The Defendant's sentencing has been continued in light of the recent rulings of *Washington v. Blakely*, 124 S. Ct. 2531 (2204), and *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004).

Defendant filed a Motion for Attorneys' Fees Pursuant to the Hyde Amendment, which is now pending before the Court. In response, the Government filed a Motion to Strike Defendant's Motion for Attorneys' Fees Pursuant to the Hyde Amendment, which is also pending before the Court. In essence, the Government's motion to strike is a response to Defendant's motion in that it addresses certain elements the Defendant must prove to prevail under the Hyde Amendment.

The Hyde Amendment allows an award of reasonable attorney's fees and other litigation expenses to the prevailing party where the court finds that the United States' position was vexatious, frivolous or in bad faith. 18 U.S.C. § 3006A Note. The party seeking fees and costs bears the burden of proof. *See United States v. Campbell*, 291 F.3d 1169, 1171 (9th Cir. 2002) (*Campbell*).

A threshold inquiry in the application of the Hyde Amendment is whether the petitioner is a "prevailing party" under the statute. *See United States v. Beeks*, 266 F.3d 880, 883 (8th Cir. 2001) (*Beeks*); *United States v. Wade*, 93 F. Supp. 2d 19, 22 (D.C. 2000).

The Hyde Amendment does not expressly define the term "prevailing party." Where a statutory term is not defined, the court looks to the statutory language and construes the term using its "ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42 (1979).

The standards used in defining "prevailing party" are generally applicable to all fee-shifting statutes that provide an award of fees and costs to a prevailing party. *See Buckannon v. West Virginia Dept. of Health and Human Res.*, 532 U.S. 598, 602, 604 (2001) (*Buckannon*). Generally, a "prevailing party" is one who is granted some relief by the court, concerning a significant issue in the litigation, by either a judgment on the merits or a court-ordered consent decree. *See Buckannon*, 532 U.S. at 602; *see also* Black's Law Dictionary 1154 (8th ed. 2004) (defining "prevailing party" as the "party in whose favor a judgment is rendered, regardless of the amount of damages awarded"). However, "[t]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Texas State Teachers Assn. v. Garland Independent School Dist.*, 489 U.S. 782, 792-93 (1989) (*Texas State*).

Other courts that have addressed the issue of whether a defendant was a prevailing party for purposes of the Hyde Amendment have found that the defendant is not a prevailing party where the defendant was found guilty at his first trial and pled guilty at his second trial, (*Beeks*, 266 F.3d at 883), where the defendant entered into a diversion agreement and agreed to pay back the government for the loss of money suffered as a result of the defendant, (*Campbell*, 291 F.3d at 1172), and where

3

the party's motion to quash a subpoena was granted without prejudice, (*In re Grand Jury*, 31 F. Supp. 2d 542, 544 (N.D. W.Va. 1998)). A defendant has been found to be a prevailing party where the government voluntarily dismissed the charges against the defendant (*United States v. Knott*, 106 F. Supp. 2d 174, 177 (D. Mass. 2000) and where the government failed to pursue some charges, changed charges, and eventually dismissed all counts against the defendant (*United States v. Gardner*, 23 F. Supp. 2d 1283, 1291 (N.D. Okla. 1998).

Here, Defendant argues that he is a prevailing party because he prevailed on two major issues of the case: (1) whether Dr. Sriram performed medically unnecessary tests and procedures as part of a scheme to defraud and (2) the amount of loss attributable to the offense. Defendant "prevailed" on both of these issues as to sentencing enhancements. Defendant contends that by prevailing on these two issues, he achieved substantial benefit, qualifying him as a "prevailing party."

Defendant's argument is without merit. The most significant issue in the instant case is the guilt or innocence of the accused. *See Beeks*, 266 F.3d at 883 (defendant who pled guilty at second trial not a prevailing party); *Campbell*, 291 F.3d at 1172 (defendant who entered into diversion agreement and agreed to pay restitution not a prevailing party but "more akin to that of a convicted defendant"). Here, Dr. Sriram pled guilty and stands convicted of three counts of criminal conduct. Under Defendant's theory, if a defendant pleads guilty to a crime and the court rules in favor of the defendant as to a sentencing enhancement, thus providing a benefit to the defendant, that defendant is a prevailing party for purposes of the Hyde Amendment. As in the present case, such an outcome would ignore that the defendant pled guilty and stands convicted of a criminal offense. Furthermore, such an interpretation would be contrary to the purpose of the Hyde Amendment in allowing fee shifting. *See* 143 Cong. Rec. H7786-04, H7791 (Sept. 24, 1997) (Representative Hyde stating the

4

statute was enacted for cases where, "Uncle Sam sues you, charges you with a criminal violation, even gets an indictment and proceeds, but they are wrong. They are not just wrong, they are willfuly wrong, they are frivolously wrong."). Accordingly, Dr. Sriram was not a prevailing party under the Hyde Amendment.

For the foregoing reasons, Defendant's Motion for Attorneys' Fees Pursuant to the Hyde Amendment is denied. The Government's Motion to Strike Defendant's Motion for Attorneys' Fees Pursuant to the Hyde Amendment is denied as moot.

Dated: January 27, 2005

JOHN W. DARRAH
United States District Judge